No. 7.—HIRAM WILLIAMS, plaintiff in error, *vs.* THOMAS H. DAWSON, defendant in error.

[1.] Where a defendant has failed to appear at the first term of the Court, and file his answer in writing, as required by the Judiciary Act of 1799, he will not be permitted at the first term after an appeal has been entered, to file a *new answer*, under the rule which allows him to amend his answer. He is not allowed to plead *de novo* at that time, as matter of right; but he may pay up all costs which have accrued, open the default, and plead instanter to the merits of the action, as provided by the 37th Common Law rule of practice.

Assumpsit, in Dooly Superior Court. Tried before Judge POWERS. October Term, 1852.

This was an action of assumpsit, brought by Dawson against Williams, on a promissory note, returnable to the May Term, 1851, of Dooly Superior Court. At the April Term, 1852,

the defendant confessed judgment, and entered an appeal, having filed no plea.

At the October Term, 1852, counsel for the defendant moved the Court to allow him to open the default, pay the cost, and plead instanter to the merits of the action.

The Court overruled the motion, and counsel for defendant excepted.

WARREN, for plaintiff in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] At the first term of the appeal, the defendant moved the Court to amend his plea, which motion the Court overruled, on the ground that the defendant had filed no plea before that time, as required by the Judiciary Act of 1799.

This motion was properly overruled, for the reason that the defendant had never filed any plea in the cause, to be amended.

The counsel for the defendant then moved the Court for leave to plead *de novo* to the action, which motion the Court refused.

The 5th Common Law rule of practice, which authorizes a defendant to make an amendment to his answer, is founded on the idea, that he appealed, and answered in writing, as required by the Judiciary Act of 1799.

We are not aware of any Statute, or rule of practice, which authorizes a party defendant who has filed no answer, to plead *de novo* on the appeal, as matter of right. This motion was therefore, rightly refused by the Court.

The counsel for the defendant then moved the Court to permit him to pay up the costs, open the default, and plead instanter to the merits of the action; which motion the Court overruled. In our judgment, the Court erred in overruling this motion. By the 37th Common Law rule of practice, the defendant is entitled to open the default on payment of costs, and to plead instanter to the merits of the action, and if the

plaintiff is surprised by the plea, the cause shall be continued at the instance of the defendant. 2 *Kelly*, 473. The defendant, as it regards opening the default and pleading to the merits of the action, is certainly in no worse condition for that purpose when the case is on the appeal, than before an appeal has been entered. Let the judgment of the Court below be reversed on the last assignment of error.